# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### EASTERN DIVISION

MARCUS DALE JOHNSON,

  Plaintiff,

VS.           No. 04-1322-T/An

QUENTON WHITE, et al.,

  Defendants.

---

## ORDER ASSESSING $150 CIVIL FILING FEE
## ORDER OF PARTIAL DISMISSAL
## AND
## ORDER TO EFFECT SERVICE ON THE REMAINING DEFENDANTS

---

Plaintiff Marcus Dale Johnson, Tennessee Department of Correction ("TDOC") prisoner number 352281, an inmate at the Northwest Correctional Complex ("NWCX") in Tiptonville, Tennessee, filed a civil action pursuant to 42 U.S.C. § 1983 on December 10, 2004, along with an application seeking leave to proceed *in forma pauperis*. The Clerk shall record the defendants as TDOC Commissioner Quenton White; NWCX Warden Tony Parker; NWCX Deputy Warden Tommy Mills; Lieutenant Bargery, who is responsible for internal affairs; Correctional Officer Howard; Oscar Berry, an inmate in TDOC custody whose TDOC number is 150053, and the State of Tennessee.[1]

---

[1] See *infra*, p. 10.

This document entered on the docket sheet in compliance with Rule 58 and/or 79 (a) FRCP on 4/22/05

3

I.    Assessment of Filing Fee

Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)-(b), all prisoners bringing a civil action must pay the full filing fee of $150 required by 28 U.S.C. § 1914(a).[2] The *in forma pauperis* statute merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, the plaintiff has properly completed and submitted an *in forma pauperis* affidavit and an inmate trust fund account statement. Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that the plaintiff cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust fund officer at plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to the plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court. If the funds in plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in the plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to plaintiff's account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

---

[2]  Because this action was commenced prior to March 7, 2005, the new $250 filing fee is inapplicable.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $150.00 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment. All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee, 262 U.S. Courthouse, 111 S. Highland Ave., Jackson, TN 38301

and shall clearly identify plaintiff's name and the case number on the first page of this order.

If plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined he shall provide the officials at the new prison with a copy of this order. If the plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at plaintiff's prison. The Clerk is further ORDERED to forward a copy of this order to the warden of the NWCX to ensure that the custodian of the plaintiff's inmate

trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

## II.   Analysis of Plaintiff's Claims

The complaint alleges that, on June 15, 2004, defendant Berry and two other inmates who faces were covered with masks entered the plaintiff's cell, assaulted him, and robbed him of some personal property. Plaintiff allegedly screamed for help, but nobody responded. When plaintiff was able to arise, he allegedly informed defendant Howard that he needed medical attention because his eyes were bleeding, his face and head were "disfigured," and he was barely able to move. He was taken to the infirmary and then transported to the hospital, where he was treated for multiple head and rib injuries. The complaint alleges that the plaintiff suffers from recurring head pains, his movement is limited due to injuries to his ribs, and he suffers from nightmares. The plaintiff seeks money damages and assignment to the management program.

The Sixth Circuit has held that 42 U.S.C. § 1997e(a) requires a federal court to dismiss a complaint without prejudice whenever a prisoner brings a prison conditions claim without demonstrating that he has exhausted his administrative remedies. Brown v. Toombs, 139 F.3d 1102 (6th Cir. 1998); see Porter v. Nussle, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); Booth v. Churner, 532 U.S. 731 (2001) (prisoner seeking only money damages must exhaust administrative remedies even though damages are unavailable

4

through grievance system). This requirement places an affirmative burden on prisoners of pleading particular facts demonstrating the complete exhaustion of claims. <u>Knuckles El v. Toombs</u>, 215 F.3d 640, 642 (6th Cir. 2000). In order to comply with the mandates of 42 U.S.C. § 1997e(a):

> a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.

<u>Knuckles El</u>, 215 F.3d at 642; <u>see also</u> <u>Baxter v. Rose</u>, 305 F.3d 486 (6th Cir. 2002) (prisoner who fails to adequately allege exhaustion may not amend his complaint to avoid a *sua sponte* dismissal); <u>Curry v. Scott</u>, 249 F.3d 493, 503-04 (6th Cir. 2001) (no abuse of discretion for district court to dismiss for failure to exhaust when plaintiffs did not submit documents showing complete exhaustion of their claims or otherwise demonstrate exhaustion). Furthermore, § 1997(e) requires the prisoner to exhaust his administrative remedies prior to filing suit and, therefore, he cannot exhaust these remedies during the pendency of the action. <u>Freeman v. Francis</u>, 196 F.3d 641, 645 (6th Cir. 1999).

In this case, the plaintiff filed a grievance (Grievance No. 20569) on or about October 6, 2004 against defendant Howard concerning this incident. The grievance committee rejected the grievance as untimely on October 6, 2004, defendant Parker concurred on October 7, 2004, and plaintiff's appeal was denied by TDOC's Assistant Commissioner for Operations on November 1, 2004. Accordingly, plaintiff has exhausted his claims against defendant Howard. <u>Thomas v. Woolum</u>, 337 F.3d 720, 723 (6th Cir. 2003) (inmate

complied with § 1997e(a) even though prison officials did not consider grievance on the merits because it was untimely).

The complaint does not demonstrate that the plaintiff exhausted his administrative remedies with respect to any of the other defendants, as required by Moorer v. Price, 83 Fed. Appx. 770, 772 (6th Cir. Dec. 9, 2003) (plaintiff did not exhaust claim against warden because his grievance did not identify the warden or articulate any claim against her), Thomas, 337 F.3d at 733-34, and Curry, 249 F.3d at 504.[3]

The Sixth Circuit recently stated that "[a] plaintiff who fails to allege exhaustion of administrative remedies through 'particularized averments' does not state a claim on which relief may be granted, and his complaint must be dismissed *sua sponte*." Baxter, 305 F.3d at 489. Accordingly, with respect to defendants White, Parker, Mills, and Bargery, the complaint is subject to dismissal without prejudice, pursuant to 42 U.S.C. § 1997e(a).[4]

---

[3] Although the complaint also asserts that the plaintiff wrote letters to the warden, the Sixth Circuit has repeatedly held that an inmate must strictly follow the prison grievance procedures. Shephard v. Wilkinson, 27 Fed. Appx. 526, 527 (6th Cir. Dec. 5, 2001) ("While Shephard asserts that he has raised his complaints in numerous letters to prison and public officials, a prisoner must utilize the formal grievance process provided by the state; he cannot comply with the requirements of § 1997e(a) by informally presenting his claims."); Hewell v. Leroux, 20 Fed. Appx. 375, 377 (6th Cir. Sept. 21, 2001) (same); see also Clark v. Beebe, No. 98-1430, 1999 WL 993979, at *2 (6th Cir. Oct. 21, 1999) (district court erred in holding that prisoner had substantially complied with exhaustion requirement by writing a letter to the U.S. Attorney's office that eventually made its way to the warden of plaintiff's prison). These letters are not, therefore, a substitute for a formal inmate grievance.
  Similarly, plaintiff filed an "Inmate Inquiry—Information Request" on August 3, 2004 asking why he had not been transferred after the assault. Because that document is not a formal inmate grievance, it has no bearing on the plaintiff's exhaustion of his administrative remedies. Curry, 249 F.3d at 504 ("an investigation by a prison Use of Force Committee will not substitute for exhaustion through the prison's administrative grievance procedure"); Freeman v. Francis, 196 F.3d at 644-45 (investigation by prison Use of Force committee and state highway patrol insufficient).

[4] As the Sixth Circuit explained, "If the plaintiff has exhausted his administrative remedies, he may always refile his complaint and plead exhaustion with sufficient detail to meet our heightened pleading requirement, assuming that the relevant statute of limitations has not run." Baxter, 305 F.3d at 489.

Notwithstanding any failure to exhaust, the law is clear that a court may, despite that lack of exhaustion, dismiss a claim on the merits:

> In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies.

42 U.S.C. § 1997e(c)(2); see also 28 U.S.C. § 1915(e)(2)(B), § 1915A(b). Even claims that have not been exhausted may be dismissed on the merits. 42 U.S.C. § 1997e(c)(2). Certain aspects of the complaint are subject to dismissal.

First, the plaintiff cannot sue defendant Berry, an inmate, under 42 U.S.C. § 1983, which encompasses violations of the federal Constitution or federal law by individuals acting under color of state law. "A § 1983 plaintiff may not sue purely private parties." Brotherton v. Cleveland, 173 F.3d 552, 567 (6th Cir. 1999). Thus, "[i]n order to be subject to suit under § 1983 claim, defendant's actions must be fairly attributable to the state." Collyer v. Darling, 98 F.3d 211, 231-32 (6th Cir. 1997). The complaint provides no basis for state action in the conduct defendant Berry, a state prisoner who happened to be housed in proximity to the plaintiff.

Second, defendant White cannot be held responsible on the basis of his position as TDOC commissioner, and defendants Parker and Mills cannot be held liable on the basis of their positions at the NWCX. There is no *respondeat superior* liability under § 1983. Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984). Instead:

7

> [t]here must be a showing that the supervisor encouraged the specific instance of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates.

Id. (citation omitted). A supervisory official who is aware of the unconstitutional conduct of his subordinates yet fails to act generally cannot be held liable in his individual capacity. Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999); Lillard v. Shelby County Bd. of Educ., 76 F.3d 716, 727-28 (6th Cir. 1996). In this case, the complaint is devoid of allegations that defendants White, Parker, and Mills "at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates," Bellamy, 729 F.2d at 421, or that the allegedly unconstitutional conduct described in the complaint was the direct result of a failure by defendants White, Parker, and Mills to perform a function he was legally obligated to perform, Doe v. Claiborne County, Tennessee, 103 F.3d 495, 511-12 (6th Cir. 1996).[5] Accordingly, even if it is assumed that defendant Howard did not properly supervise the inmates under her control at the time of the assault, these defendants are not liable to the plaintiff.

The plaintiff's claim against defendant Bargery stems from the fact that no apparent action was taken against Berry as a result of the assault. The attachments to the complaint indicate that, as a result of the assault, plaintiff was placed on protective custody. The

---

[5] Moreover, that standard is not satisfied by allegations that a superior official mishandled a prisoner's grievance or failed to intervene in his behalf. Shehee, 199 F.3d at 300.

complaint is silent as to precisely what Bargery was supposed to have done to Berry.[6] Even if it is true that Berry was not disciplined or criminally prosecuted, those inactions do not violate the plaintiff's rights. "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Linda R. S. v. Richard D., 410 U.S. at 619.

Finally, plaintiff has no claim for money damages against defendants White, Parker, Mills, and Bargery in their official capacities, because any such claim is effectively brought against the State of Tennessee. Hafer v. Melo, 502 U.S. 21, 25 (1991); Graham, 473 U.S. at 164-65; Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 101-02 (1984). Absent a clear abrogation of immunity by congressional action or an express state waiver of that immunity, the Eleventh Amendment prohibits suits for damages against a state in federal court. Kentucky v. Graham, 473 U.S. 159, 165-66 (1985); Pennhurst State Sch. & Hosp., 465 U.S. at 98-100; Quern v. Jordan, 440 U.S. 332 (1979).[7] Tennessee has not waived its sovereign immunity. Tenn. Stat. Ann. § 20-13-102(a). Moreover, a state is not a person within the meaning of 42 U.S.C. § 1983. Lapides v. Board of Regents of the Univ. Sys. of Ga., 535 U.S. 613, 617 (2002); Will v. Michigan, 491 U.S. 58, 71 (1989).

Accordingly, the Court DISMISSES the complaint with respect to defendants White, Parker, Mills, Bargery, in their individual capacities, and with respect to defendant Berry, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), for failure to state a claim on

---

[6] According to the TDOC website, Berry has been transferred to another prison.

[7] The Eleventh Amendment has been construed to bar suits by citizens against their own states. Pennhurst, 465 U.S. at 100; Hans v. Louisiana, 134 U.S. 1 (1890).

which relief may be granted.  The Court also DISMISSES plaintiff's claim for money damages against defendants White, Parker, Mills, Bargery, and Howard in their official capacities pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) and § 1915A(b)(2).

Plaintiff has also asked for injunctive relief against the defendants in their official capacities.  For the sake of clarity, the Court will SUBSTITUTE the State of Tennessee as a party to this action in place of the official-capacity defendants. Defendant Howard remains a party to this action in her individual capacity.

III.    Issuance of Process

It is ORDERED that the Clerk shall issue process for the remaining defendant and deliver said process to the marshal for service.  Service shall be made on defendant Howard pursuant to Fed. R. Civ. P. 4(e)(1) and Tenn. R. Civ. P. 4.04(1) & (10), either by mail or personally if mail service is not effective.  Service shall be made on the State of Tennessee pursuant to Fed. R. Civ. P. 4(j)(2) and Tenn. R. Civ. P. 4.04(6).  The service on the defendants shall include copies of this order. All costs of service shall be advanced by the United States.

It is ORDERED that the plaintiff shall serve a copy of every further document filed in this cause on the attorney for each defendant or on any defendant that has no attorney. The plaintiff shall make a certificate of service on every document filed.  The plaintiff shall familiarize himself with the Federal Rules of Civil Procedure and this Court's local rules.

The plaintiff shall promptly notify the Clerk of any change of address or whereabouts.

Failure to comply with these requirements, or any other order of the Court, may result in this

case being dismissed without further notice.

IT IS SO ORDERED this _18th_ day of April, 2005.


JAMES D. TODD
UNITED STATES DISTRICT JUDGE

11

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 3 in case 1:04-CV-01322 was distributed by fax, mail, or direct printing on April 22, 2005 to the parties listed.

---

Marcus Dale Johnson
352281
Site 1, N1-24
960 State Route 212
Tiptonville, TN 38079

Honorable James Todd
US DISTRICT COURT