IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| MARCUS DALE JOHNSON, | ◊ | |
| | ◊ | |
| Plaintiff, | ◊ | |
| | ◊ | |
| VS. | ◊ | No. 04-1322-T/An |
| | ◊ | |
| QUENTON WHITE, ET AL., | ◊ | |
| | ◊ | |
| Defendants. | ◊ | |

ORDER OF DISMISSAL PURSUANT TO 42 U.S.C. § 1997e(a)
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
NOTICE OF APPELLATE FILING FEE
AND
ORDER DENYING MOTION FOR SUMMARY JUDGMENT AS MOOT

Plaintiff Marcus Dale Johnson, Tennessee Department of Correction ("TDOC") prisoner number 352281, who is currently an inmate at the West Tennessee State Penitentiary in Tiptonville, Tennessee, filed *a pro se* complaint pursuant to 42 U.S.C. § 1983 on December 10, 2004 in connection with his previous confinement at the Northwest Correctional Complex ("NWCX") in Tiptonville, Tennessee.  The defendants named in the complaint were TDOC Commissioner Quenton White; NWCX Warden Tony Parker; NWCX Deputy Warden Tommy Mills; Lieutenant Bargery, who is responsible for internal affairs; Correctional Officer Howard; and Oscar Berry, an inmate in TDOC custody whose TDOC number is 150053.  The Court issued an order on April 18, 2005 that, *inter alia*, dismissed the complaint with respect to all defendants except Howard and the State of Tennessee,

which was substituted as a party with respect to plaintiff's request for injunctive relief. That order directed the Clerk to issue summonses for, and the U.S. Marshal to effect service on, the remaining defendants. The Marshal was unable to serve defendant Howard, who is no longer employed at the NWCX.

In the April 18, 2005 order, the Court observed that plaintiff had exhausted his administrative remedies only with respect to his claim against defendant Howard. (4/18/05 Order at 5-6.) Within days after the issuance of that order, the Sixth Circuit held that district courts are required to dismiss a complaint in its entirety, pursuant to 42 U.S.C. § 1997e(a), that contains any unexhausted claims. Jones Bey v. Johnson, 407 F.3d 801, 805-09 (6th Cir. 2005). The Sixth Circuit recently clarified that its holding in Jones Bey precludes a prisoner from amending his complaint to dismiss all defendants against whom the plaintiff has failed to exhaust his administrative remedies. Rinard v. Luoma, No. 05-1150 (6th Cir. Mar. 13, 2006). Accordingly, in light of Jones Bey, the plaintiff's complaint was subject to dismissal in it entirety, pursuant to 42 U.S.C. § 1997e(a), because it contains both exhausted and unexhausted claims.

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), a district court may dismiss an *in forma pauperis* complaint at any time for failure to state a claim on which relief may be granted. The Sixth Circuit has stated that "[a] plaintiff who fails to allege exhaustion of administrative remedies through 'particularized averments' does not state a claim on which relief may be granted, and his complaint must be dismissed *sua sponte*." Baxter v. Rose, 305 F.3d 486, 489 (6th Cir. 2002). Accordingly, the Court DISMISSES the complaint in its entirety and

without prejudice, pursuant to 42 U.S.C. § 1997e(a).

The next issue to be addressed is whether plaintiff should be allowed to appeal this decision *in forma pauperis*. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). In this case, the Sixth Circuit's decision in Jones Bey mandates dismissal of this mixed complaint containing both exhausted and unexhausted claims and, therefore, the Court concludes that an appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith.

The final matter to be addressed is the assessment of a filing fee if plaintiff appeals the dismissal of this case.[1] In McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997), the Sixth Circuit set out specific procedures for implementing the PLRA. Therefore, the plaintiff is instructed that, if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in McGore and § 1915(a)-(b).

In light of the Court's *sua sponte* dismissal of this case, the motion for summary judgment filed by the State of Tennessee on June 29, 2005 (dkt. #12) is hereby DENIED as moot. The Clerk is directed to prepare a judgment.

---

[1] Effective November 1, 2003, the fee for docketing an appeal is $250. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee.

IT IS SO ORDERED.

                                     s/ **James D. Todd**
                                    JAMES D. TODD
                                    UNITED STATES DISTRICT JUDGE